# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
TZIPORA LEFKOWITZ,  
Individually, and for the Minor, M.L.,  

      Petitioner,  

v.  

SECRETARY OF HEALTH  
AND HUMAN SERVICES,  

      Respondent.  
* * * * * * * * * * * * * * * * * * * *

No. 17-987V  
Special Master Christian J. Moran  

Filed: May 24, 2019  

Attorneys' fees and costs,  
Reasonable basis  

Jessica A. Wallace, Siri & Glimstad, LLP, New York, NY, for petitioner;
Ashley M. Simpson, United States Dep't of Justice, Washington, DC, for respondent.

## PUBLISHED DECISION DENYING PETITIONER'S MOTION FOR ATTORNEYS' FEES AND COSTS[1]

On May 31, 2018, the undersigned issued a decision dismissing Ms. Lefkowitz's petition. Ms. Lefkowitz subsequently filed a timely motion for attorneys' fees and costs on January 2, 2019, requesting $17,060.22.

For the reasons set forth below, the undersigned finds that Ms. Lefkowitz did not have a reasonable basis to bring her petition. Thus, Ms. Lefkowitz is ineligible for an award of attorneys' fees and costs.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I.    Brief Factual and Procedural History

Ms. Lefkowitz's child, M.L., received the MMR, DTaP-IPV, and hepatitis A vaccinations on July 24, 2014, at four years of age. Exhibit 2 at 106. By the evening of the same day, Ms. Lefkowitz averred that "M.L.'s right arm had swollen to nearly twice its normal size and was exquisitely painful." Exhibit 1 ¶ 6 (Ms. Lefkowitz's affidavit). The swelling in M.L.'s arm resolved through treatment at home by July 31, 2014. Id. Over the next few months, M.L. had ten separate appointments at Rufuah Medical Center for various issues, none of which concerned his right arm or skin. Exhibit 2 at 81-103.

On February 22, 2015, M.L. was seen again at Rufuah Medical Center and was observed to have a "rash on back, underarms, and chest." Exhibit 2 at 79. The record indicates that Ms. Lefkowitz noticed the rash on M.L. just that day but stated the rash may have started two days prior. Id. The next documented instance of M.L.'s rash is May 12, 2016, where his father reported that M.L. had a rash on his back for the past week. Id. at 47. The medical records contain two more instances of M.L's rashes through September 2017. To supplement M.L.'s medical history, Ms. Lefkowitz asserts that M.L. suffered episodes of "acute-onset hives and painful itching," which she termed "flares," every four months and that the flares lasted for approximately one week. Exhibit 1 at 1-2. Ms. Lefkowitz stated that most of the flares were treated at home with cool compresses, Benadryl, and soaking baths. Id.

Ms. Lefkowitz filed a claim on behalf of her son, M.L., that the vaccinations he received on July 24, 2014, caused him to suffer from "chronic, recurrent urticaria complicated by pain and social isolation." Pet. filed on July 21, 2017. After an initial status conference on August 23, 2017, the parties were ordered to file a joint statement of completion. Following an extension of time and an authorization to subpoena documents, the joint statement of completion was filed on December 4, 2017.

The respondent then submitted his report pursuant to Vaccine Rule 4. In this report, respondent contended that Ms. Lefkowitz had not met her burden to establish entitlement to compensation. Respondent argued that the medical records did not support Ms. Lefkowitz's assertion that M.L. had an immediate reaction to the vaccination. Resp't's Rep., filed Jan. 5, 2018, at 7. The respondent also maintained that a treating doctor had not diagnosed M.L. as suffering from chronic urticaria. Id.

At the next status conference, Ms. Lefkowitz stated her intent to retain an expert to address the issues raised in respondent's Rule 4 report. Ms. Lefkowitz received two extensions of time to file a status report advising whom she had retained as an expert.

Ms. Lefkowitz never filed a status report and instead filed a motion for a decision dismissing her petition on May 2, 2018. In the motion, Ms. Lefkowitz stated that she "believes [M.L.] was injured by a vaccine however [she does] not believe that under the Rules of the Vaccine Program [she] will be able to prove [she is] entitled to compensation." Pet'r's Mot. at 1. The case was dismissed on May 31, 2018. Decision, 2018 WL 3216315.

On January 2, 2019, Ms. Lefkowitz brought the present motion for attorneys' fees and costs. On March 1, 2019, the undersigned issued an order directing respondent to address whether Ms. Lefkowitz had reasonable basis, if at all, and if Ms. Lefkowitz lost reasonable basis.[2]

Respondent filed a response arguing that Ms. Lefkowitz had filed no evidence to satisfy reasonable basis. Respondent pointed out that, despite M.L.'s numerous medical appointments, the medical records only reflected a few times where M.L. was observed to have rashes. Resp't's Resp., filed Mar. 4, 2019, at 3. Respondent concluded that Ms. Lefkowitz did not have reasonable basis when she filed her petition and never established reasonable basis. Id. at 6.

On March 11, 2019, Ms. Lefkowitz filed a reply arguing that she had reasonable basis until she was unable to retain an expert to opine on causation. Pet'r's Reply at 3. Ms. Lefkowitz cited her affidavit as evidence of M.L.'s initial reaction to the vaccinations and as a gap-filler for the medical records. Ms. Lefkowitz argued that the medical records do not contain every instance of M.L.'s rashes because many instances of M.L.'s recurrent, but not continuous, rashes could be treated at home and did not require further medical attention. Id. Ms. Lefkowitz also asserted that home treatment of M.L.'s rashes also explains the gap in time between the vaccinations and the first reported rash in the medical records. Id. at 4.

Ms. Lefkowitz's motion is now ripe for adjudication.

---

[2] The due date for the Secretary's response to the motion for attorneys' fees and costs had been extended until March 5, 2019, because of a government shutdown.

## II.     Standards for Adjudication

Even when a petitioner in the Vaccine Program does not prevail on his or her claim and does not receive compensation, a special master "may" award reasonable attorneys' fees and other costs if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged Ms. Lefkowitz's good faith here, and the undersigned has little doubt that Ms. Lefkowitz brought the claim with an honest belief that a vaccine injury occurred. For that reason, the petition's reasonable basis is the focus of this decision.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660, at *12-13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014). However, a looming statute of limitations, as was the case here, shall not be considered in determining whether reasonable basis for the petition existed. Simmons, 875 F.3d at 636.

The Federal Circuit and judges of the Court of Federal Claims have provided some guidance as to what reasonable basis is *not*. A petition based purely on "unsupported speculation," even speculation by a medical expert, is not sufficient to find a reasonable basis. Perreira v. Sec'y of Health & Human Servs., 33 F.3d 1375, 1377 (Fed. Cir. 1994) ("Congress must not have intended that every claimant, whether being compensated or not under the Vaccine Act, collect attorney fees and costs by merely having an expert state an unsupported opinion that the vaccine was the cause in-fact of the injury"). As another example, when "the medical and other written records contradict the claims brought forth in the

4

petition," a special master is not arbitrary in concluding that reasonable basis for the petition did not exist. Murphy v. Sec'y of Health & Human Servs., 30 Fed. Cl. 60, 62 (1993), aff'd without opinion, 48 F.3d 1236 (Fed. Cir. 1995) (table).

Establishing the petition's reasonable basis in a motion for attorneys' fees and costs is the burden of the petitioner. Carter v. Sec'y of Health & Human Servs., 132 Fed. Cl. 372, 379 (2017) (citing Woods v. Sec'y of Health & Human Servs., 105 Fed. Cl. 148, 152 (2012) and McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 305 (2011)).

### III. Analysis

The objective evidence provides little basis for Ms. Lefkowitz's claim. Simmons, 875 at 636. To repeat, the petition claims that M.L. developed chronic urticaria as a result of the vaccinations.

While Ms. Lefkowitz alleges an injury of chronic urticaria, Ms. Lefkowitz has not pointed to any diagnosis from a treating physician for this condition. M.L. was diagnosed with other skin conditions, but it is not even discussed whether these conditions were related as part of an ongoing skin disorder. M.L.'s two earliest documented episodes of rashes were diagnosed as herpes zoster and viral exanthem, both conditions that are caused by viruses. It is not simply that M.L.'s diagnosis was unknown, but rather the diagnoses of viral disorders point away from a vaccine-related injury.

By now, it is well established that to recover compensation a petitioner must demonstrate that the vaccinee suffers from the condition allegedly caused by the vaccine. Broekelschen v. Sec'y of Health and Human Servs., 618 F.3d 1339, 1346 (Fed. Cir. 2010). Ms. Lefkowitz's failure to present any evidence showing that M.L. has the disease claimed in her petition undermines the reasonable basis of her claim.

In addition to the lack of diagnosis, Ms. Lefkowitz's case suffers from a problem with chronology. As stated in her affidavit, M.L.'s initial reaction to the vaccinations was swelling, not rashes, that resolved within seven days of the vaccination on July 24, 2014. Exhibit 1. The first documentation of M.L.'s rashes was at an appointment on February 22, 2015. Exhibit 2 at 79. At the appointment, Ms. Lefkowitz stated that she first noticed M.L.'s rashes on the same day but believed the rashes could have existed for two days prior. Id. The February 22, 2015 medical record does not note any prior rashes or history of rashes and assessed M.L as having herpes zoster. Id. at 79-80. Ms. Lefkowitz asserts no medical records support an earlier onset of rashes because M.L's rashes were

5

treated at home.  Pet'r's Reply at 4.  However, Ms. Lefkowitz's affidavit and petition do not specifically state when M.L's rashes first appeared and only generally stated that M.L. was having episodes of rashes/hives "approximately every four months."  Exhibit 1; Pet. ¶ 4.  With this evidence, it appears that M.L.'s rashes first appeared around February 22, 2015, making the time from M.L.'s vaccinations to his first rashes be almost seven months.  This duration of onset is very long compared to the accepted onset of other vaccine injuries.

The next documented instance of M.L.'s rashes is May 12, 2016, almost 15 months after the previous documented instance of rashes.  Exhibit 2 at 47.  At this appointment, the assessment of M.L.'s rashes was viral exanthem and no recent rashes or history of rashes were reported.  Id. at 48.  On June 21, 2016, M.L. was assessed to have lesions and referred to a dermatologist.  Id. at 39.  Ms. Lefkowitz did not report any other recent rashes or a history of rashes at this appointment.  Id. Apparently connected to this episode, Ms. Lefkowitz stated that M.L.'s "flare" had resolved before he could be seen by a dermatologist.  Pet. ¶ 11.

As noted by respondent, on September 24, 2017, after the petition was filed, M.L. was assessed to have a rash and, for the first time, reported a history that M.L. "often gets hives."  Exhibit 5 at 10. At this appointment, M.L. was diagnosed with cutaneous mastocytosis.  Id.

While it is understandable that Ms. Lefkowitz might have treated less severe rash episodes at home, Ms. Lefkowitz never reported M.L.'s other recent rash episodes or provided a history of rashes.  Ms. Lefkowitz had many opportunities at numerous medical appointments to document this trend of rashes.  M.L. had at least ten medical appointments between the vaccinations (July 24, 2014) and the first documented instance of rashes (February 22, 2015) and had almost thirty appointments from the first documented instance of rashes until the petition was filed (July 24, 2017).  The medical records do not support a chronic condition.  Even when considering the lower standard of reasonable basis, Ms. Lefkowitz's affidavit does not fill the evidentiary gaps because it is overly general.  Ms. Lefkowitz did not submit any other contemporaneous evidence to support M.L.'s rash episodes.

Finally, even if Ms. Lefkowitz presented persuasive evidence that M.L. had continuously experienced a rash and that he suffered urticaria, she would still have to present some evidence to support her claim that the vaccine caused the urticaria.  Ms. Lefkowitz has presented no evidence on this point as well.  The lack of a medical record or medical opinion weighs heavily against the finding of reasonable basis because "[t]he special master or court may not make ... a finding [of

6

causation] based on the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa–13(a)(1).

For the these reasons, the undersigned finds that an objective inquiry of the evidence indicates that there was not "a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e).  Because it is Ms. Lefkowitz's burden to establish such a reasonable basis before an award of attorneys' fees and costs can be made, the undersigned finds that Ms. Lefkowitz's motion for attorneys' fees and costs must be DENIED.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.